IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00109-MR

| | |
|---|---|
| WILLIAM BRADLEY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU CHURCH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint.[1] [Doc. 5]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 8].

**I.    BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is still incarcerated. The Plaintiff names as Defendants the following Alexander CI employees in their individual and official capacities: FNU Church, a correctional sergeant; and FNU Velasco and FNU

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint [Doc. 1] had been reviewed for frivolity.

Baker, correctional officers. [Doc. 5 at 1-3]. The Amended Complaint alleges an Eighth Amendment claim for the use of excessive force and failure to intervene[2] for incidents that allegedly occurred on January 16, 2021. [Id. at 3-4]. The Plaintiff alleges that he sustained injuries in the incident that required a trip to the hospital for staples in his head, and stitches under his right eye. [Id. at 5]. The Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

---

[2] While the Plaintiff phrases this claim as "failure to protect from assault," it is liberally construed as a claim for failure to intervene. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally); Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to sue the Defendants, who are all state officials, in their individual and official capacities. [Doc. 5 at 2-3]. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for

3

damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, the Plaintiff's claims against the Defendants in their official capacities do not survive initial review and will be dismissed with prejudice.

With respect to his claims against the Defendants in their individual capacities, the Plaintiff alleges that Officer Velasco pepper sprayed him and tackled him to the ground [Doc. 5 at 4]; that Defendant Church stood by while Defendants Velasco and Baker slammed him to the ground, and kicked and punched him while he was restrained [id. at 5]; and that Defendant Church "dry tased" him at some point while he was restrained [id. at 6].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component, namely, that the harm inflicted was sufficiently serious, and a subjective component, namely, that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

This subjective standard requires proof of malicious or sadistic action by a prison official in order to make out an excessive force claim. This is because prison "[o]fficials are entitled to use appropriate force to quell prison disturbances." Williams, 77 F.3d at 761. "Because officials must act 'in haste, under pressure, and frequently without the luxury of a second chance,' deliberate indifference is not a sufficiently rigorous standard." Id. (citing Whitley, 475 U.S. at 320). "Rather, in these circumstances, in order to make out an Eighth Amendment claim, a prisoner must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm." Id. (internal quotations and citation omitted).

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204. However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." Howie v. Prince George's Cnty., No. 2006-3465, 2009 WL 2426018 at *6 (D. Md. Aug. 5, 2009); see also

Jarvis v. Securitas Sec. Servs. USA, No. 11-cv-654, 2012 WL 527597 (D. Md. Feb. 16, 2012).

Taking as true the facts as alleged for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff has stated an Eighth Amendment claim against Defendants Church, Velasco, and Baker. These claims have passed initial review.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Eighth Amendment claims against Defendants Church, Velasco, and Baker survive initial review. The Court will dismiss the claims against the Defendants in their official capacities with prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Church, Velasco, and Baker, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review against Defendants Church, Velasco, and Baker for violating the Plaintiff's Eighth Amendment rights.

2. The claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Church, Velasco, and Baker, who are alleged to be current or former employees of NCDPS.

The Clerk of Court is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 26, 2022

Martin Reidinger
Chief United States District Judge